HOLMES F. CROUCH AND IRMA JEAN CROUCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crouch v. Commissioner
Docket No. 3952-93
United States Tax Court
T.C. Memo 1995-289; 1995 Tax Ct. Memo LEXIS 288; 69 T.C.M. (CCH) 3038; June 27, 1995, Filed *288 Decision will be entered under Rule 155. Holmes F. Crouch, pro se. For respondent: Lavonne D. Lawson. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioners' 1990 and 1991 Federal income taxes in the amounts of $ 7,737 and $ 3,386, respectively, and an accuracy-related penalty pursuant to section 6662(a) for negligence in the amount of $ 94 for 1991. The Court must decide: (1) Whether petitioners are entitled to deduct interest for 1991 as an ordinary and necessary business expense under sections 162(a) and 163(h)(2)(A); (2) whether petitioners are entitled to deduct legal fees for 1990 and 1991 under either section 162(a) or section 212(3); and (3) whether petitioners are liable for an accuracy-related penalty in 1991 for negligence under section 6662(a). Some of the facts in the case have been stipulated and are so found. Petitioners *289 resided in Saratoga, California, at the time they filed their petition. Petitioner Holmes F. Crouch (petitioner) is a tax return preparer and author of several tax publications. At the time of trial, petitioner had been a tax preparer for over 20 years and had published 15 books about taxes. Interest Expense
In 1990, petitioners paid $ 52,521 in interest to the Internal Revenue Service related to Federal income tax deficiencies for the years 1978, 1980, 1981, 1982, and 1983. On Schedule A of their 1990 Federal income tax return, petitioners reported that they paid personal interest of $ 52,521.01 and claimed a 10-percent deduction in the amount of $ 5,252.10. On Schedule C of their 1991 Federal income tax return, petitioners claimed an interest deduction in the amount of $ 34,507.27. This $ 34,507.27 interest deduction was 60.22 percent of the $ 52,521.01 of interest paid to the Internal Revenue Service in 1990, plus 60.22 percent of the $ 4,781 of interest paid to the State of California. As admitted at trial by petitioner, the interest paid to the Internal Revenue Service in 1990 was reported by petitioners on both their 1990 and 1991 Federal income tax returns. Petitioners *290 also filed a "protective claim" in the form of an amended Federal income tax return for 1990 in which they claimed a $ 31,363 Schedule C deduction for interest that had been disallowed by respondent for 1991. Respondent disallowed $ 31,363 of the interest deduction claimed by petitioners in 1991. Petitioners bear the burden to prove that respondent's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Deductions are a matter of legislative grace. The taxpayer seeking a deduction must be able to show that the deduction comes within the express provisions of the statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 163(a) provides that there "shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness." Section 163(h) prohibits a deduction by noncorporate taxpayers for "personal interest paid or accrued during the taxable year." In pertinent part, personal interest means any interest allowable as a deduction other than "interest paid or accrued on indebtedness properly allocable to a trade or business". Sec. 163(h)(2)(A). Petitioners' *291 position was stated on the Form 8275 Disclosure Statement attached to their 1991 Federal income tax return. On their Form 8275 Disclosure Statement, petitioners did not disclose that they had reported the full amount of the interest and claimed a deduction for 10 percent of the interest on their 1990 Federal income tax return. In general, petitioners' position with respect to the interest paid to the Internal Revenue Service is that the deficiencies for the years 1978, 1980, 1981, 1982, and 1983 partially related to adjustments attributable to petitioner's trade or business as a tax preparer and tax book author. Thus, petitioners contend that the interest is deductible under section 163(h)(2)(A) because it is "interest paid or accrued on indebtedness properly allocable to a trade or business". Petitioners further challenge the validity of section 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987), which states that personal interest includes interest paid "on underpayments of individual Federal, State, or local income taxes * * * regardless of the source of the income generating the tax liability". We are aware of the *292 opinion of the District Court for the District of North Dakota, Miller v. United States, 841 F. Supp. 305 (D.N.D. 1993), which declared this temporary regulation invalid. We also note that this Court has not yet issued an opinion as to the validity of this temporary regulation. For the reasons discussed below, we do not need to address the validity of this regulation in this case. Petitioners' claimed deduction was based on a formula that allocated the interest between petitioner's trade or business and personal nondeductible interest. Petitioners' formula purports to allocate the interest to petitioner's business by dividing the business amounts that were in controversy for 1981, 1982, and 1983 by the total amounts that were in controversy for 1981, 1982, and 1983. Petitioner appears to rely on the statements in the Form 8275 Disclosure Statement as proof that his formula is correct. However, petitioner failed to produce sufficient evidence to establish that the amounts used in his formula are correct. In particular, the record does not contain the evidence necessary to determine what the total amounts at issue were for 1981, 1982, and 1983. The parties *293 stipulated as follows: "Attached hereto as Joint Exhibit 3-C is a true and correct copy of the petitioners' Form 8275 Disclosure Statement, and related exhibits A through D, which the petitioners filed with their 1991 Form 1040." A stipulation does not mean the parties have stipulated to the truth of the contents of the document. Owen v. Commissioner, T.C. Memo. 1990-172, affd. without published opinion 980 F.2d 1443 (5th Cir. 1992). In this case, the parties stipulated to the authenticity of the document, and not to the contents of the document. The Form 8275 Disclosure Statement merely disclosed petitioners' position and does not by itself prove that the formula and amounts contained therein are correct. The record in this case fails to support that the amounts stated in the denominator of petitioners' formula are correct. What is most significant is that petitioners paid the Internal Revenue Service the interest in question in the prior year of 1990. Petitioner is on the cash method of accounting with respect to petitioner's business. Yet, petitioners claimed this deduction on a purportedly "incurred or accrual" basis on *294 their 1991 Federal tax return. At best, petitioners would be entitled to deduct this interest on their 1990 Federal tax return, the year in which the interest was paid. Sec. 461(a). Accordingly, we sustain respondent on this issue for 1991. Legal Fees
Petitioners claimed deductions for legal and professional services on petitioner's Schedule C in the amounts of $ 31,096.41 and $ 68,187.38 for the years 1990 and 1991, respectively. Respondent determined that $ 23,106 and $ 5,111 of these expenses were not allowable due to the fact that the origins of the expense had not been determined and allocations made, and that a portion was not attributable to a trade or business and was personal. Petitioner argued that these legal expenses were incurred in the litigation of tax controversies related to his business. At trial, petitioner admitted that he could not apportion the legal fees between the business and nonbusiness tax controversies "in a mathematical way". In their prior tax litigation, issues involving both business and personal items were in controversy. Based on this record, we find that petitioners did not prove that legal fees were deductible as business expenses under *295 section 162. Rule 142(a). However, as respondent conceded, the expenses did relate to tax litigation before the United States Tax Court. Section 212(3) provides that individuals may deduct all the ordinary and necessary business expenses paid or incurred "in connection with the determination, collection, or refund of any tax." Accordingly, we find that these legal expenses are deductible, subject to the 2-percent floor under section 67(a) for miscellaneous itemized deductions. Section 6662(a)
Section 6662(a) provides for an accuracy-related penalty in the amount equal to 20 percent of that portion of the underpayment to which the section applies. The section applies to the portion of any underpayment which is attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1). For purposes of section 6662, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). This Court has defined negligence as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). *296 Petitioners have the burden of proof to show that any underpayment was not due to negligence. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Based on this record, we find that petitioners have failed to prove that they were not negligent. Section 6662(d)(2)(B)(ii) provides that the amount of the understatement shall be reduced by that portion of the understatement which is attributable to any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return. Such disclosure is made on the Form 8275 Disclosure Statement. Sec. 1.6662-3(c) (2), Income Tax Regs.
Petitioners argue that the accuracy-related penalty under section 6662(a) should not apply because they made adequate disclosure of the relevant facts related to the business interest expense deduction on the Form 8275 Disclosure Statement attached to their 1991 Federal tax return. We do not agree. We find that petitioners' failure to disclose the fact that they had reported and claimed a deduction with respect to the same interest on their 1990 Federal tax return is fatal. We find that *297 without disclosure of this material fact petitioners failed to adequately disclose sufficient relevant facts on the Form 8275 to have the understatement reduced. Thus, we sustain respondent on this issue. Decision will be entered under Rule 155.