T.C. Memo. 2011-91

UNITED STATES TAX COURT

JESSICA SOLOMON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10359-09.                        Filed April 25, 2011.

Jessica Solomon, pro se.

Catherine S. Tyson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, Judge:  Respondent determined a deficiency of $2,430
in petitioner's Federal income tax for 2006.  The sole issue for
decision is whether petitioner is entitled to a miscellaneous

itemized deduction based on $17,088[1] in claimed expenses for 2006.

FINDINGS OF FACT

Some of the facts have been stipulated. We incorporate the stipulated facts into our findings by this reference. Petitioner resided in Missouri when the petition was filed.

In May 2006 petitioner moved from Rockford, Illinois, to Florissant, Missouri, and found a job in sales with MV Marketing, Inc. (MV Marketing), which sold office supplies to businesses. Petitioner worked for MV Marketing from June 2006 through December 2006.[2]

Petitioner's job with MV Marketing consisted primarily of visiting businesses in her sales territory and attempting to sell office supplies. Petitioner also attempted to generate sales through mailings to businesses both within and without her sales territory. For example, petitioner sent sales flyers to businesses she was familiar with in her hometown of Rockford, Illinois.

---

[1]All monetary figures have been rounded to the nearest dollar. Unless otherwise indicated, all section references refer to the Internal Revenue Code in effect for the year in issue, and all Rule references refer to the Tax Court Rules of Practice and Procedure.

[2]During part of her employment with MV Marketing, petitioner worked part time.

On or about June 8, 2006, petitioner purchased a 2001 Chevrolet Cavalier that she used primarily for her work with MV Marketing.  The vehicle's odometer reflected 65,779 miles on the date of purchase, and petitioner recorded the vehicle's mileage at the beginning and end of each workday.

During her employment with MV Marketing, petitioner began each workday with a sales meeting at MV Marketing's office in St. Louis, Missouri.  At the meeting, petitioner was assigned a sales territory.[3]  Petitioner then spent the rest of her workday visiting businesses in her sales territory and attempting to sell office supplies.  At the end of each workday, petitioner returned to MV Marketing's office for an evening meeting where she turned in her sales figures for the day.

Petitioner was paid solely on commission.  In 2006 she received commission income of $3,307 from MV Marketing.  MV Marketing did not reimburse petitioner for mileage, postage, or other expenses.

Petitioner's 2006 Federal income tax return was prepared by H&R Block.  Petitioner brought her Forms W-2, Wage and Tax Statement, for all of the companies she worked for in 2006,[4] as

---

[3]Sales territories were typically assigned weekly but would sometimes change during the week if, for example, the salesperson had exhausted the territory.

[4]Petitioner received Forms W-2 with respect to her taxable year 2006 from MV Marketing, Omni Consumer Tax, Inc., and General
(continued...)

well as a shoebox full of receipts, to H&R Block, and a return preparer at H&R Block completed her return. It is not clear whether the return preparer made any attempt to distinguish deductible from nondeductible expenses or whether the return preparer simply added up the receipts and deducted the sum as unreimbursed employee business expenses.

On her 2006 Form 1040, U.S. Individual Income Tax Return, petitioner claimed $16,614 in unreimbursed employee business expenses. These expenses consisted of $8,340 in vehicle expenses (on the basis of 18,741 miles driven for business between June and December 2006) and $8,274 of other business expenses. Petitioner also claimed $474 in tax preparation fees. After application of the 2-percent floor, these expenses totaling $17,088 generated a deduction amount of $16,203.

On January 28, 2009, respondent issued a notice of deficiency with respect to petitioner's 2006 Federal income tax return. Respondent disallowed all of petitioner's unreimbursed employee business expenses and tax preparation fees. Petitioner timely filed a petition with this Court contesting the notice of deficiency.

At trial petitioner submitted only 14 receipts to substantiate the unreimbursed employee business expenses and tax

---

[4](...continued)
Motors.

preparation fees claimed on her 2006 Federal income tax return. Petitioner also submitted a mileage log with respect to her use of the Chevrolet Cavalier from June through December 2006. Petitioner explained that she kept most of her receipts in the office of a retail store where her then boyfriend worked and that the receipts were lost when authorities seized the store as part of an unrelated investigation.

## OPINION

### I. Deductions

Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving he or she is entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). If the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability and meets certain other requirements, section 7491(a) shifts the burden to the Commissioner with respect to these factual issues. Petitioner does not assert that section 7491(a) shifts the burden to respondent, and the record does not permit us to conclude that section 7491(a) applies. Consequently, petitioner bears the burden of proof with respect to all factual issues.

Section 162(a) generally allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Unreimbursed employee

business expenses generally are deductible under section 162(a). However, such expenses are miscellaneous itemized deductions, see secs. 62(a)(1), 67(b), and are deductible only to the extent such deductions, in the aggregate, exceed 2 percent of the taxpayer's adjusted gross income, sec. 67(a); Alexander v. Commissioner, T.C. Memo. 1995-51, affd. 72 F.3d 938 (1st Cir. 1995). Tax preparation fees generally are deductible under section 212(3) but also are subject to the 2-percent floor for miscellaneous itemized deductions. Sec. 67(a); see, e.g., Crouch v. Commissioner, T.C. Memo. 1995-289. No deduction is allowed for personal, living, or family expenses. Sec. 262.

Taxpayers must maintain adequate records to substantiate their claimed deductions. Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999); sec. 1.6001-1(a), Income Tax Regs. When a taxpayer establishes that he or she has incurred a deductible expense but is unable to substantiate the exact amount, we may estimate the deductible amount (the Cohan rule). Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). In these instances, the Court is permitted to make as close an approximation of the allowable expense as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544. To estimate the amount of an expense, however, the Court must have some basis upon which to

make an estimate.  Vanicek v. Commissioner, supra at 742-743.
Without such a basis, any allowance would amount to "unguided
largesse."  Williams v. United States, 245 F.2d 559, 560 (5th
Cir. 1957).

In some instances, a taxpayer must satisfy strict
substantiation requirements to deduct expenses that would
otherwise be deductible under section 162.  For example, section
274(d) provides that no deduction is allowed with respect to,
inter alia, any listed property (as defined in section
280F(d)(4)), unless the taxpayer substantiates by adequate
records or by sufficient evidence corroborating the taxpayer's
own statement (1) the amount of the expense or item; (2) the time
and place of the travel, entertainment, or expense; (3) the
business purpose of the entertainment or expense; and (4) the
taxpayer's relationship to the person or persons entertained.
Section 280F(d)(4) defines listed property as, inter alia, any
passenger automobile or any other property used as a means of
transportation.  Section 274(d) supersedes the Cohan rule with
respect to section 280F(d)(4) listed property.  Sanford v.
Commissioner, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d
Cir. 1969).  Consequently, we are precluded from allowing vehicle
expenses on the basis of any estimate or approximation or the
taxpayer's uncorroborated testimony.  Id.

A.    Vehicle Expenses

As noted above, vehicle expenses that are deducted as business expenses will be disallowed in full unless the taxpayer satisfies strict substantiation requirements.  Secs. 274(d), 280F(d)(4).  As applicable to vehicle expenses, section 274(d) requires a taxpayer to substantiate the expenses by adequate records or other corroborating evidence of (1) the amount of each use (i.e., the mileage), (2) the time and place of the use, and (3) the business purpose of the use.  See Fessey v. Commissioner, T.C. Memo. 2010-191; sec. 1.274-5T(b)(6), (c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985).  In the absence of adequate records to substantiate an element of an expense, a taxpayer may establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element", and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Petitioner kept track of her automobile mileage using a daily mileage log.  However, there are several problems with the mileage log.  First, the mileage log simply notes the odometer reading on petitioner's car at the beginning and end of each day and includes no information regarding where petitioner drove, the purpose of the trip, or petitioner's business relationship to the

persons she visited.  Second, petitioner included in the mileage log the roughly 27 miles she drove each workday commuting to and from MV Marketing's office.[5]  Finally, petitioner conceded that she may have included some personal trips in the mileage log.[6] Petitioner did not present any evidence at trial, such as appointment books, calendars, or maps of her sales territories, to corroborate the bare information contained in the mileage log, nor did she testify with any specificity regarding her vehicle expenses in 2006.

Although we do not doubt that petitioner used her Chevrolet Cavalier for business between June and December 2006, we have no choice but to deny in full petitioner's deduction for mileage expenses.  For the reasons discussed in the preceding paragraph, petitioner's mileage log does not satisfy the adequate records requirement of section 274(d), petitioner did not present any documentary evidence to corroborate the mileage log, and petitioner's testimony was not detailed or specific enough to satisfy the requirements of section 274(d) and section 1.274-5T(c)(3), Temporary Income Tax Regs., supra.  Moreover, we

---

[5]It is well established that expenses incurred in commuting from one's home to one's place of employment are nondeductible. E.g., Randolph v. Commissioner, 74 T.C. 284, 292 (1980).

[6]Respondent also argues there is no evidence that the mileage log was prepared contemporaneously.  However, we accept as credible petitioner's testimony that she recorded her mileage at the beginning and end of each day.

are not permitted to estimate petitioner's mileage because section 274(d) supersedes the Cohan rule. Consequently, petitioner's deduction for mileage expenses is denied in full.

B. Other Business Expenses

As noted above, unreimbursed employee business expenses generally are deductible under section 162(a), subject to the 2-percent floor of section 67(a). However, a taxpayer's failure to seek reimbursement from his or her employer for expenses that were reimbursable under the employer's reimbursement policy precludes deducting such expenses as unreimbursed employee business expenses. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. 1, 7 (1982). We accept as credible petitioner's testimony that MV Marketing did not, and would not, reimburse her for expenses incurred in her work.

Petitioner deducted other business expenses of $8,274. However, petitioner presented only limited receipts to substantiate the claimed deductions, and some of the records relate to expenses incurred before petitioner began her employment with MV Marketing. After eliminating these expenses, the record reflects the following expenses:

| Date | Expense | Amount |
|------|---------|--------|
| July 13, 2006 | Postage | $14 |
| July 24, 2006 | Business books | 55 |
| Aug. 17, 2006 | Postage | 19 |
| Sept. 20, 2006 | Postage | 12 |
| Nov. 6, 2006 | Postage | 14 |
| Dec. 26, 2006 | Postage | 9 |
| Total | | 123 |

Petitioner has met her burden of establishing that these expenses were incurred, and on the basis of petitioner's testimony, we are satisfied that the expenses were related to petitioner's job in sales for MV Marketing. Petitioner appears to concede that she cannot substantiate any additional expenses.

With respect to the remaining claimed expenses, i.e., $8,151, petitioner has not established that she incurred those expenses, nor has she presented any evidence that would allow us to estimate the amounts.[7] See Cohan v. Commissioner, 39 F.2d at 543-544. Consequently, respondent's determination is sustained with respect to the remaining claimed expenses.

---

[7]Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985), allows substantiation by reasonable reconstruction where a taxpayer can show that the absence of records is due to circumstances beyond his or her control, such as a fire, flood, or other casualty. Even if we were to assume, arguendo, that the seizure of petitioner's records by authorities in an unrelated investigation was a circumstance beyond her control, petitioner failed to reconstruct her records through corroborating records or testimony regarding the specific expenses incurred.

C.    Tax Preparation Fees

Section 212(3) allows a deduction for costs incurred in the preparation of a tax return.  Hughes v. Commissioner, T.C. Memo. 2008-249.  However, the taxpayer bears the burden of proving that he or she incurred the costs and of maintaining appropriate records to substantiate the deduction.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Petitioner deducted tax preparation fees of $474 but did not maintain records to substantiate the deduction.  Instead, petitioner submitted receipts for $127 and $119 from H&R Block, dated November 10 and 17, 2006, respectively, as well as a voided check for $127 dated November 10, 2006.[8]  The receipt for $127 and the voided check in the same amount appear to relate to a clothing company that was run by petitioner's then boyfriend, and the receipt for $119 bears the name of another individual. Moreover, the receipts cannot possibly relate to petitioner's 2006 Federal income tax return because they were issued in November 2006; i.e., before petitioner's 2006 taxable year had concluded.  While we are inclined to believe that petitioner incurred some expense to have H&R Block prepare her 2006 Federal income tax return, petitioner did not substantiate the deduction, and there is no evidence in the record that would allow us to

---

[8]The voided check appears to have been submitted in order to process the $127 payment.  It is not clear why petitioner actually filled out and signed the check.

estimate the amount of the deductible expense.[9]  Consequently, respondent's determination with respect to the tax preparation fees is sustained.

II.  Conclusion

In summary, we conclude that petitioner's claimed mileage expenses are disallowed in full, her other business expenses are allowable only to the extent of $123, and her tax preparation fees are disallowed in full.  Petitioner's allowable deductions are less than 2 percent of her 2006 adjusted gross income, which was $44,263 and, therefore, petitioner is not entitled to deduct miscellaneous itemized deductions.

We have considered all other arguments raised by the parties and, to the extent not discussed above, we conclude they are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.

---

[9]Given our conclusion that petitioner's mileage expenses are disallowed in full and her other business expenses are allowed only to the extent of $123, petitioner's claimed deduction for tax preparation fees is something of a moot point.  Indeed, even if we were to allow the deduction in full, petitioner's total miscellaneous itemized deductions would still be far less than 2 percent of her adjusted gross income and thus no deduction for miscellaneous itemized deductions would be allowed.