T.C. Summary Opinion 2012-66


UNITED STATES TAX COURT


DEAN P. MURRAY AND DIONNE A. MURRAY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26966-10S.                    Filed July 11, 2012.


Dean P. Murray and Dionne A. Murray, pro sese.

<u>Christopher A. Pavilonis</u>, for respondent.


SUMMARY OPINION


GOEKE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code.  Pursuant to section 7463(b), the decision to be

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code (Code) in effect for the years at issue, and all Rule references are to the Tax
(continued...)

entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency respondent determined the following deficiencies and accuracy-related penalties with respect to petitioners' Federal income tax:[2]

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2007 | $9,818 | $1,964 |
| 2008 | 7,388 | 1,448 |
| 2009 | 7,045 | 1,409 |

For each taxable year in question, the issues remaining for decision are: (1) whether petitioners are entitled to deduct certain unreimbursed employee business expenses claimed on Schedule A, Itemized Deductions; (2) whether petitioners are entitled to deduct certain business expenses claimed on Schedule C, Profit or Loss From Business; and (3) whether petitioners are liable for the accuracy-related penalties under section 6662(a). We hold that petitioners may not deduct any of the claimed expenditures and are liable for the section 6662(a) accuracy-related penalties for the years in issue.

---

[1](...continued)
Court Rules of Practice and Procedure.

[2]All dollar amounts are rounded.

## Background

Petitioners resided in Florida when they filed their petition. They filed joint income tax returns for the 2007, 2008, and 2009 taxable years.

Petitioner Dionne Murray worked as an independent contractor for Ridgeland Group Homes, Inc. (Ridgeland), for all taxable years at issue--she reported her income and expenses on a Schedule C that related to a "patients' care" business. She assisted patients living in a residential group home, including transporting patients to doctor's appointments. Each year she received a Form 1099-MISC, Miscellaneous Income, from Ridgeland.

Petitioner Dean Murray operated a trucking business during the 2007 taxable year and reported the income and expenses on a Schedule C. He also worked for National Freight, Inc. (National Freight), during 2007, 2008, and 2009. He received a Form W-2, Wage and Tax Statement, from National Freight each year. During 2007 Mr. Murray used his personal truck for his trucking business and a company truck for his employment with National Freight.

1.  The Patient Care Business

Respondent disallowed the following expenditures claimed for Ms. Murray's patient care business:

| Expense | 2007 | 2008 | 2009 |
|---|---|---|---|
| Advertising | $650 | --- | --- |
| Depreciation | 8,543 | --- | --- |
| Car and truck | --- | $15,300 | $7,800 |
| Legal and professional services | 2,200 | 350 | 100 |
| Office | 4,500 | --- | 1,100 |
| Repairs and maintenance | --- | 4,800 | 5,500 |
| Supplies | --- | --- | 1,100 |
| Taxes and licenses | 305 | --- | 210 |
| Travel | 6,300 | 5,500 | 4,100 |
| Deductible meals and entertainment | --- | 400 | 640 |
| Storage | 800 | --- | --- |

Ms. Murray was not sure whether certain expenses claimed for her patient care business were really attributable to Mr. Murray's trucking activities. For example, she did not incur advertising expenses for her patient care business in 2007--petitioners meant to claim the advertising expenses on the Schedule C for Mr.

Murray's trucking business.[3]  Moreover, the claimed legal and professional services expense related to Mr. Murray's trucking business.[4]

The office expense includes the purchase of a laptop and a cell phone, although the total amount was estimated.  The storage expense was for a storage unit that held Ms. Murray's caregiving supplies and tires for Mr. Murray's truck.  The expense for taxes and licenses was not discussed at trial or made clear by the evidence.  The supplies expense was for uniforms (i.e., scrubs) and medical supplies.  The meals and entertainment expense was for Ms. Murray's meals while transporting patients to doctor's appointments.

Petitioners owned a Nissan Quest and a Hyundai Accent in 2007.  The Nissan Quest was purchased because the Hyundai Accent was in constant need of repairs and petitioners wanted a larger automobile for their family.[5]  The claimed travel

---

[3]Mr. Murray testified that the advertising consisted of "Internet, cards, and whatever * * * opportunities that they had out there you try * * * to put a little bit in there."  Mr. Murray did not keep business cards and could not explain any specific advertising he did.

[4]Mr. Murray believed the claimed legal and professional services expense related to filing estimated tax payments, although there is no supporting documentation for them.

[5]Ms. Murray took her children to day care before work each morning.

expenses,[6] car expenses, depreciation expense,[7] and repairs and maintenance expenses all relate to costs associated with driving to and from the residential home and taking patients to appointments. However, Ridgeland would reimburse Ms. Murray for her gasoline expenses associated with transporting patients. Moreover, Ms. Murray did not keep a mileage log for either vehicle.

2. The Trucking Business

Respondent disallowed the following expenditures claimed for Mr. Murray's trucking business for 2007:

---

[6]The travel expenses also included Ms. Murray's meals.

[7]Petitioners also deducted $2,000 of depreciation expense for the trucking business. While petitioners did not attach a depreciation schedule to their 2007 income tax return, they did attach Form 4562, Depreciation and Amortization. The Form 4562 shows total depreciation of $8,543, including $1,571 of depreciation expense for the Nissan Quest purchased in 2007, $317 for "other depreciation", and $6,655 for "assets placed in service in tax years beginning before 2007". Finally, petitioners did not explicitly deduct depreciation expense, file a depreciation schedule, or file Form 4562 for the 2008 and 2009 tax years.

| Expense | 2007 |
|---|---|
| Advertising | $1,200 |
| Car and truck | 5,500 |
| Depreciation | 2,000 |
| Insurance (other than health) | 1,600 |
| Legal and professional services | 1,200 |
| Office | 500 |
| Repairs and maintenance | 621 |
| Supplies | 4,200 |
| Taxes and licenses | 430 |
| Travel | 1,980 |

As discussed supra, there is no supporting documentation for the claimed advertising expenditures, nor could Mr. Murray point to any specific advertising. He did not maintain a mileage log, and he estimated his car and truck expenses. As discussed supra, the depreciation expense related to Mr. Murray's truck, although no supporting depreciation schedule was included with the 2007 return. The insurance expense related to health insurance[8] for the Murray family and auto insurance on the truck. Some of the claimed legal and professional expenses were for fines Mr. Murray received on account of his truck's exceeding certain weight

[8]The health insurance should not have been reported with the auto insurance, as line 15 on the Schedule C states "Insurance (other than health)".

requirements. The supplies expense consisted of estimated expenditures made for tires and truck repairs. The taxes and licenses expenses were not discussed at trial or made clear by the evidence. Finally, the travel expenses were for Mr. Murray's cell phone--he did not have a separate business phone.[9]

While respondent disallowed all expenses claimed for the trucking business for 2007 he did allow a $7,860 deduction for the trucking business on the basis of the average expenses for truckers as indicated in "Bizstats".[10]

3. Petitioners' Schedule A Unreimbursed Business Expenses

Respondent disallowed the following unreimbursed employee business expenses[11] claimed on petitioners' Schedule A:

---

[9]Mr. Murray believed that his records, discussed infra, contained receipts for the claimed legal and professional expenses, supplies expense, and travel expenses.

[10]Bizstats is a free online source for small business statistics.

[11]While respondent disallowed $8,950 of unreimbursed business expenses for 2008, petitioners deducted only $8,700. It appears that respondent mistakenly included a $250 deduction for tax preparation fees with the unreimbursed business expenses. We find no evidence in the record for the claimed $250 deduction for tax preparation fees. Furthermore, we choose not to address this discrepancy because the $250 claimed deduction will not be deductible in any event--miscellaneous itemized deductions, which include tax preparation fees, are only deductible to the extent the aggregate of such deductions exceeds 2% of adjusted gross income. Sec. 67(a); see, e.g., Solomon v. Commissioner, T.C. Memo. 2011-91.

| Expense | 2007 | 2008 | 2009 |
|---|---|---|---|
| Professional subscriptions | $400 | --- | $250 |
| Uniforms and protective clothing | 7,500 | $5,200 | 8,500 |
| Job search costs | 4,200 | 3,500 | 4,500 |
| Work shoes and support | --- | --- | 1,871 |
| Work gear and equipment | 1,500 | --- | 650 |
| Tolls, parking, and local travel | 1,250 | --- | 300 |

The unreimbursed employee business expenses all related to Mr. Murray's job as a truck driver. The uniforms and protective clothing expenses were for clothing bearing the company's logo, hard boots, and a hard hat. These expenses were estimates. The 2007 job search cost expenses were for the purchase and installation of a new engine[12] for a Nissan Maxima, although petitioners provided no supporting documentation. Mr. Murray could not recall what the 2008 or 2009 job search cost expenses were for, nor could he remember what the 2009 work shoe and support expenses were for.

---

[12]Mr. Murray stated that the engine cost $800 and it was installed by a friend.

## 4. Petitioners' Records

Petitioners' records consist of multiple envelopes divided into three groups according to the taxable year--2007, 2008, and 2009. Each envelope within a group is labeled with an expense category--mainly automobile expenses, office supplies, meals, and household expenses. The expense categories do not reconcile with any deduction claimed on petitioners' tax returns. Finally, petitioners' income tax returns were signed by a third-party preparer.

## 5. Notice of Deficiency

In a notice of deficiency respondent disallowed the Schedule C expenses and Schedule A unreimbursed business expenses discussed supra and determined section 6662(a) penalties. The notice of deficiency informed petitioners that the claimed expenses were disallowed because "you did not furnish information needed to support the claimed deduction," although respondent did allow $7,860 of expenses for Mr. Murray's trucking business for 2007 on the basis of the average annual trucker expenses reported in Bizstats. Petitioners timely filed a petition with this Court contesting the notice of deficiency.

## Discussion

Respondent contends that petitioners' Schedule A unreimbursed business expenses should be disallowed because: (1) they are unsubstantiated; or (2) petitioners have not provided a statement from Mr. Murray's employer indicating whether the expenses were reimbursable. Moreover, respondent asserts that petitioners' Schedule C expenses should be disallowed because they are unsubstantiated.

## I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they have met all requirements necessary to be entitled to the claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

## II. Section 162

Pursuant to section 162(a), a taxpayer is entitled to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Such expenses must be directly connected with or pertain to the

taxpayer's trade or business. Sec. 1.162-1(a), Income Tax Regs. An expense is ordinary if it is normal, usual, or customary within a particular trade, business, or industry or arises from a transaction "of common or frequent occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943). In contrast, except where specifically enumerated in the Code, no deductions are allowed for personal, living, or family expenses. Sec. 262(a). The determination of whether an expenditure satisfies the requirements of section 162 is a question of fact. Commissioner v. Heininger, 320 U.S. at 475.

III. Substantiating Expenses

Taxpayers must "keep such permanent books of account or records * * * as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information." Sec. 1.6001-1(a), Income Tax Regs. When a taxpayer establishes that he or she has incurred deductible expenses but is unable to substantiate the exact amounts, we can estimate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner,

85 T.C. 731, 742-743 (1985).  In estimating the amount allowable, we bear heavily against the taxpayer where the inexactitude of the record is of his or her own making.  See Cohan v. Commissioner, 39 F.2d at 544.

Moreover, deductions relating to travel, meals and entertainment, and certain listed property defined in section 280F(d)(4), including passenger automobiles, computers, and cellular phones, are subject to strict rules of substantiation that supersede the doctrine in Cohan v. Commissioner, 39 F.2d at 544.  See sec. 274(d); sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

For deductions to which section 274 applies, a taxpayer must substantiate certain elements of the deductible activity or use through either adequate records or sufficient evidence corroborating the taxpayer's own statement.  Sec. 274(d).  At a minimum, a taxpayer must substantiate:  (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) the business relationship of the taxpayer to other persons benefited by the expense, if any.  Id.; Shea v. Commissioner, 112 T.C. 183, 187 (1999).  If a taxpayer cannot satisfy the substantiation burden imposed by section 274(d) with respect to a deduction to which it applies, he fails to carry his burden of establishing that he is entitled to deduct that expense, regardless of any equities involved.  Sec.

274(d); <u>Nicely v. Commissioner</u>, T.C. Memo. 2006-172; sec. 1.274-5T(a),

Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioners' records are insufficient to substantiate any of the deductions in question. The heightened substantiation requirements of section 274 apply to petitioners' deductions for travel, meals and entertainment, and all expenses related to the Nissan Quest (car and truck expenses, repairs and maintenance, and depreciation). Petitioners have not met their burden with respect to any of the section 274 expenditures, nor have they met their burden with respect to any other deduction in dispute. We are unable to reconcile petitioners' records with any deduction claimed on their tax returns. Moreover, we are unable to differentiate personal from business receipts in many circumstances, and several receipts are clearly personal--i.e., receipts for women's fragrances, video rentals, groceries, children's clothing, etc. Furthermore, petitioners testified that many of the expenses were estimates, several of which appear to be duplicated or unreasonable.[13] Finally, petitioners are unable to provide any documentation for certain expenses, nor are they able to explain many of the deductions. Accordingly, none of the expenditures in dispute are deductible.

---

[13]For example, Mr. Murray testified that he spent $21,200 from 2007-09 on a hard hat, boots, and some clothing with a company logo on it.

IV.  Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioners are liable for section 6662(a) accuracy-related penalties for tax years 2007, 2008, and 2009 because the underpayments of income tax resulted from negligence or disregard of rules or regulations.

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority under section 6664.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.  We find respondent has met the burden of production in the light of petitioners' inability to substantiate the deductions they claimed.

Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Code.  Section 6662(c) also defines "disregard" as any careless, reckless, or intentional disregard.  Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence

to determine the correctness of a tax return's position that is contrary to rules or regulations. Sec. 1.6662-3(b)(2), Income Tax Regs.

An underpayment is not attributable to negligence or disregard to the extent that the taxpayer shows that the underpayment is due to the taxpayer's having reasonable cause and acting in good faith. Sec. 6664(c)(1); Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002). Reasonable cause requires that the taxpayer exercise ordinary business care and prudence as to the disputed item. See United States v. Boyle, 469 U.S. 241 (1985); Estate of Young v. Commissioner, 110 T.C. 297, 317 (1998). Good-faith reliance on the advice of an independent, competent professional as to the tax treatment of an item may meet this requirement. See Boyle, 469 U.S. at 241; sec. 1.6664-4(b), Income Tax Regs. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

For a taxpayer to rely reasonably upon advice so as to possibly negate a section 6662 accuracy-related penalty determined by the Commissioner, the taxpayer must prove by a preponderance of the evidence that the taxpayer meets each requirement of the following three-prong test: (1) the adviser was a competent

professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 99.

Petitioners' understatements of income tax resulted from negligence and disregard for rules and regulations. Moreover, petitioners have not shown that their underpayments of income tax were due to reasonable cause and good faith. While petitioners' income tax returns were signed by a third-party preparer, there is no evidence that petitioners provided the preparer with accurate information or that the preparer was a competent tax professional whom they relied upon in preparing their returns. Conversely, petitioners claimed several deductions on their returns on the basis of unreasonable estimations with no supporting documentation. Furthermore, petitioners supported several of their deductions with receipts that were highly personal. Therefore, we find petitioners are liable for the section 6662(a) accuracy-related penalties determined by respondent for the years at issue.

## V.  <u>Conclusion</u>

For the reasons stated herein, we find petitioners are liable for the deficiencies in income tax and section 6662(a) accuracy-related penalties for the 2007, 2008, and 2009 tax years.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.