T.C. Memo. 2017-149

UNITED STATES TAX COURT

STEPHEN DRAH, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18906-15.                    Filed July 31, 2017.

<u>William A. Blagogee</u>, for petitioner.

<u>Stephen C. Welker</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2011

and 2012, the Internal Revenue Service (IRS or respondent) determined defici-

encies and additions to tax under sections 6651 and 6654 as follows:[1]

---

[1]All statutory references are to the Internal Revenue Code as in effect for the relevant years.  All Rule references are to the Tax Court Rules of Practice and
(continued...)

**[*2]**                                    <u>Additions to tax</u>

| <u>Year</u> | <u>Deficiency</u> | <u>Sec. 6651(a)(1)</u> | <u>Sec. 6651(a)(2)</u> | <u>Sec. 6654(a)</u> |
|------|-----------|---------------|---------------|------------|
| 2011 | $12,341 | $2,075 | $1,614 | $176 |
| 2012 | 4,939 | 135 | 63 | -0- |

After concessions,[2] the issues for decision are whether petitioner for 2011 is entitled to deductions for contract labor, depreciation and section 179 expense, and repair and maintenance expenses for certain vehicles.  We resolve these issues in respondent's favor.

## FINDINGS OF FACT

The parties filed a stipulation of facts with accompanying exhibits and a stipulation of settled issues, both of which are incorporated by this reference. Petitioner resided in Virginia when he timely petitioned this Court.

During 2011 petitioner worked as an independent contractor for FedEx Ground (FedEx), a national parcel delivery company.  He also received wages

---

[1](...continued)
Procedure.  We round all monetary amounts to the nearest dollar.

[2]In the stipulation of settled issues and stipulation of facts petitioner conceded:  (1) all issues for 2012, including liability for the determined additions to tax; (2) receipt of wages and non-employee compensation totaling $61,773 for 2011; and (3) liability for the determined additions to tax for 2011 to the extent we sustain the deficiency.  Petitioner also conceded that he is not entitled to any itemized deductions for either year.

[*3] from S Drah Courier, Inc. (SDC), his wholly owned C corporation, which contracted to provide courier services for FedEx. SDC was incorporated in Virginia in December 2010. During 2011 SDC filed corporate income tax returns reporting its income and expenses, which included the wages it paid petitioner.

Petitioner requested and received an extension of time to file his 2011 Form 1040, U.S. Individual Income Tax Return, but he failed to file a return by the October 15, 2012, extended due date. On the basis of third-party information reports the IRS prepared a substitute for return (SFR) that met the requirements of section 6020(b). The IRS sent petitioner a timely notice of deficiency based on the SFR.

The notice of deficiency determined that petitioner for 2011 had received total income of $61,773, consisting of $29,895 in non-employee compensation from FedEx and $31,878 in wages from SDC. The IRS accorded petitioner the filing status of married filing separately and allowed him the standard deduction and one personal exemption. The notice of deficiency thus determined a deficiency of $12,341 and additions to tax for failure to timely file and failure to timely pay as set forth above.

Petitioner concedes receipt of the income determined in the notice of deficiency. But he contends that, in his capacity as an independent contractor for

[*4] FedEx, he is entitled to business expense deductions on Schedule C, Profit or Loss From Business. He claims deductions for: (1) contract labor expenses of $10,184; (2) a depreciation and section 179 expense of $20,000; and (3) repair and maintenance expenses of $5,446.

## OPINION

The IRS' determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend, and he would have no basis for contending, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

Section 162(a) allows the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Deductions are a matter of legislative grace; the taxpayer bears the burden of proving his entitlement to deductions allowed by the Code and of substantiating the amounts of expenses underlying claimed deductions. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. The failure to keep and present accurate records counts heavily against a taxpayer's attempted proof. Rogers v. Commissioner, T.C. Memo. 2014-141, 108 T.C.M. (CCH) 39, 43.

**[*5]** A.   Contract Labor

Petitioner at trial did not explain the nature of his alleged contract labor expenses.  He provided no documents or testimony to show that he actually incurred such expenses, to establish the amount of such expenses, or to prove that any costs he incurred were ordinary and necessary expenses of his business as an independent contractor for FedEx.  He has accordingly failed to carry his burden of proving entitlement to any deduction.  See Galbraith v. Commissioner, T.C. Memo. 2016-168; Adler v. Commissioner, T.C. Memo. 2010-47, 99 T.C.M. (CCH) 1181, 1187, aff'd, 443 F. App'x 736 (3d Cir. 2011).

B.   Depreciation and Section 179 Expense

Section 167(a) allows a depreciation deduction for the exhaustion, wear and tear, or obsolescence of property used in a trade or business.  Section 179(a) and (b) allows a taxpayer to elect to deduct as a current expense, within certain dollar limitations, the cost of section 179 property in the year such property is placed in service.  In order to qualify as section 179 property, the property must, among other things, be "acquired by purchase for use in the active conduct of a trade or business." Sec. 179(d)(1)(C).

Petitioner's claimed deduction for depreciation and section 179 expense relates to a commercial delivery vehicle, a 2009 Workhorse P42 truck.  Petitioner,

[*6] however, did not own that vehicle. It was leased, and it was leased by SDC and not by petitioner. Petitioner executed the lease agreement, dated April 27, 2011, in his capacity as an officer of SDC. Other documents in the record confirm that SDC, not petitioner, was the lessee.

Petitioner is not entitled to the deductions he claimed. He did not own the vehicle; the lease agreement specifically states that the lessee "will not be treated as the owner * * * for [F]ederal income tax purposes." Any deduction for depreciation or section 179 expense would be claimed by the lessor as owner of the property. See, e.g., Weiss v. Wiener, 279 U.S. 333, 335 (1929) (stating that a prerequisite for claiming a depreciation deduction is that "the taxpayer own[] the property").

Nor is petitioner entitled (in the alternative) to deduct the lease expense because SDC, not he, was the lessor. SDC filed a corporate income tax return for 2011 and presumably deducted the lease expense on its return. If it did not do so, petitioner could have introduced into evidence a copy of SDC's 2011 corporate return, which he did not do. He has thus failed to carry his burden of proving his entitlement to deduct any depreciation or section 179 expense in connection with the leased truck.

**[*7]** C.  <u>Repair and Maintenance Expense</u>

At trial petitioner introduced into evidence 15 invoices from seven different auto repair shops purporting to document repair and maintenance expenditures he had made during 2011 for various vehicles.

We found this evidence unconvincing for three reasons.  First, petitioner provided no substantiation, such as credit card statements, bank records, canceled checks, or a check register, to show that he actually paid these invoices.  None of the invoices indicates that a payment was made; one fails to indicate whether any amount was even billed.  For all that appears, some of these documents may be estimates for work that was not in fact performed, or evidence work performed for which petitioner did not pay.

Second, the invoices do not uniformly establish the vehicle on which the work was performed.  Several invoices come from repair shops as far away as Cleveland, Ohio; there is no evidence that petitioner performed delivery services for FedEx at such distant locations.  Petitioner has accordingly failed to establish that the repair and maintenance work was performed on vehicles that he used for business rather than personal purposes.[3]

---

[3]To the extent petitioner was unable to establish that "substantially all of the use" of these vehicles was in his trade or business as a courier for purposes of

(continued...)

[*8]    Third, to the extent the work was performed on delivery vehicles used for business purposes, petitioner did not establish that the vehicles were used in his Schedule C business as an independent contractor for FedEx.  Some invoices show the customer as petitioner individually; others show the customer as SDC.  To the extent the work was performed on vehicles that SDC used in its business, SDC presumably deducted the repair and maintenance costs on its 2011 corporate income tax return.  If it did not do so, petitioner could have introduced into evidence a copy of SDC's return, which he did not do.  For all these reasons, petitioner has failed to carry his burden of substantiating his claimed vehicle repair and maintenance expenses.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.

---

[3](...continued)
section 280F(d)(4)(C), then these vehicles would be considered "listed property" under section 274(d)(4) and be subject to heightened substantiation requirements. See <u>Solomon v. Commissioner</u>, T.C. Memo. 2011-91.  The invoices petitioner submitted are clearly inadequate to meet those requirements.