T.C. Memo. 2010-60

UNITED STATES TAX COURT

ENA M. AND BRIAN R. FLEMING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28973-07.                    Filed March 30, 2010.

Ena M. and Brian R. Fleming, pro sese.

<u>Christine K. Lane</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of $3,246

in petitioners' Federal income tax for tax year 2004.  After

concessions by respondent,[1] we must decide whether petitioners

_____

    [1]Respondent concedes that petitioners are not liable for the
self-employment tax.  Accordingly, petitioners are not entitled
to the corresponding deduction for one-half of the self-
                                        (continued...)

are entitled to deduct expenses they claimed on Schedule C, Profit and Loss from Business, attached to their 2004 tax return for mileage driven, automobile repairs and maintenance, meals and entertainment, cellular telephone service, advertising and franchise fees, professional dues, office supplies and expenses, and legal and professional fees.

FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this opinion by reference and are so found.

At the time they filed the petition, petitioners resided in Florida.

Petitioners are husband and wife.  Petitioners filed a joint Federal income tax return for their 2004 tax year.

Petitioner Ena M. Fleming (Ms. Fleming) is employed as a school teacher.  Petitioner Brian R. Fleming (Mr. Fleming) is a real estate agent for the Keyes Co.

For their 2004 tax year petitioners reported no gross income on Schedule C of their Federal income tax return.  However, petitioners claimed as deductible expenses on that Schedule C:

---

[1](...continued)
employment tax for their 2004 tax year.  Respondent also concedes that petitioners are entitled to a deduction for franchise fees of $765 and advertising expenses of $231 for their 2004 tax year. However, respondent disputes any deduction for advertising and franchise fees above this amount.

Mileage driven of $5,258, automobile repairs and maintenance of $580, meals and entertainment (after reduction by the 50-percent limitation of section 274(n)[2]) of $45, legal and professional fees of $1,397, and cellular telephone service, advertising, franchise fees, office expenses and supplies, and professional dues in the total amount of $4,306.

On September 17, 2007, respondent sent petitioners a notice of deficiency. Petitioners timely filed a petition in this Court for redetermination of the deficiency.

### OPINION

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[3]

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving their entitlement to the deductions claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Section 162(a) allows a deduction from income for all ordinary and necessary expenses for carrying on a trade or business during the taxable year. However, a taxpayer generally

---

[2]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

[3]Petitioners do not contend that sec. 7491(a) should apply to shift the burden of proof to respondent, nor did they establish that it should apply.

must keep records sufficient to establish the amounts of the items reported on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the Cohan doctrine for certain categories of expenses. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). A deduction is disallowed with regard to traveling expenses, meals and entertainment, or listed property unless the taxpayer properly substantiates: (1) The amount of such expense, (2) the time and place of the expense, (3) the business purpose, and (4) in the case of meals and entertainment, the business relationship between the taxpayer and the persons being entertained. Sec. 274(d). Section 280F(d)(4) includes as listed property any passenger automobile or cellular telephone. Generally, expenses subject to the strict substantiation requirements of section

274(d) must be disallowed in full unless the taxpayer satisfies every element of those requirements. Sanford v. Commissioner, supra; Larson v. Commissioner, T.C. Memo. 2008-187; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). In the case of listed property that is used both personally and professionally, expenses are disallowed unless a taxpayer establishes the amount of business use of the property in question. Kinney v. Commissioner, T.C. Memo. 2008-287; Olsen v. Commissioner, T.C. Memo. 2002-42, affd. 54 Fed. Appx. 479 (9th Cir. 2003); sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Taxpayers may substantiate their deductions by either adequate records or sufficient evidence that corroborates the taxpayer's own statement. Sec. 274(d). To satisfy the adequate records requirement, a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Larson v. Commissioner, supra; sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence used to support a taxpayer's reconstruction "of the elements of * * * the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Larson v. Commissioner, supra; sec.

1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In the absence of adequate records, a taxpayer may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element" and by "other corroborative evidence sufficient to establish such element." Larson v. Commissioner, supra; sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). However, we may not use the Cohan doctrine to estimate expenses covered by section 274(d). Sanford v. Commissioner, supra at 827; Larson v. Commissioner, supra.

Petitioners' expenses can be divided into two categories: (1) Those that must meet the strict substantiation requirements of section 274(d) in addition to otherwise qualifying as deductible under section 162 and (2) those that must meet only the general substantiation requirements of section 162. The expenses that must meet the section 274(d) requirements include car and truck expenses for mileage driven, automobile repairs and maintenance, meals and entertainment, and expenses for cellular telephone services. Secs. 274(d), 280F(d)(4). Expenses that are not required to meet the strict substantiation requirements of section 274(d) but must meet the general substantiation requirements include advertising and franchise fees, professional

dues, office supplies and expenses, and fees for legal and professional services.

We first address those expenses that must meet the strict substantiation requirements of section 274(d). For their 2004 tax year petitioners claimed car and truck expenses for mileage driven of $5,258. Petitioners submitted a mileage log to substantiate those expenses. The mileage log lists total miles driven for the day. The log does not contain any entries regarding the business purpose of the trips, and in many instances it lists the destination as "local".[4] Moreover, petitioners' log is incompatible with receipts they provided.[5] Accordingly, we conclude that petitioners' mileage logs are not adequate records of their mileage expense. Similarly, we conclude that petitioners have failed to provide other corroborative evidence sufficient to establish that they have met the requirements of section 274(d). Consequently, we sustain respondent's determination disallowing a deduction for car and truck expenses for mileage driven claimed on petitioners' 2004 tax return.

---

[4]Mr. Fleming testified that "local" means that he was looking at buildings and surveying neighborhoods, making separate stops along the way. However, Mr. Fleming failed to provide more specificity.

[5]Petitioners' log for Nov. 2004, indicates a beginning mileage of 33,200, while an invoice petitioners offered from BJ's Tire Service Center, dated Dec. 23, 2004, indicates a mileage of 32,433.

We next turn to petitioners' expenses for repairs and maintenance on their automobiles. Mr. Fleming testified that petitioners had two automobiles and that both were used in his real estate business. Petitioners claimed $580 for repairs and maintenance of their automobiles. In support of their claim petitioners provided an invoice for $113 for the installation of a tire on one of their automobiles. However, petitioners failed to allocate between the business and personal use of their personal automobiles as required under section 274(d). See Olsen v. Commissioner, supra; sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., supra. Accordingly, we sustain respondent's determination disallowing a deduction for automobile repairs and maintenance claimed on petitioners' 2004 tax return.

We next consider petitioners' meals and entertainment expenses. Petitioners failed to present, and we do not find, any evidence of the business relationship of the persons entertained or of the business purpose of the expenses. See sec. 274(d). Accordingly, we sustain respondent's determination disallowing a deduction for meals and entertainment claimed on petitioners' 2004 tax return.

As to petitioners' cellular telephone expenses, each petitioner owned a cellular telephone and petitioners provided records for both. Petitioners testified that Mr. Fleming used his cellular telephone to call Ms. Fleming and one friend, but

that all other calls were for business purposes.  However, petitioners failed to allocate between the personal and business use of Mr. Fleming's cellular telephone or Ms. Fleming's cellular telephone as required under section 274(d).  See Kinney v. Commissioner, T.C. Memo. 2008-287.  Accordingly, we sustain respondent's determination disallowing a deduction for petitioners' cellular telephone expenses claimed on their 2004 tax return.

As to petitioners' expenses that are not required to meet the strict substantiation requirements of section 274(d) in addition to the requirements of sections 162 and 6001, petitioners claimed other expenses of $4,306 and legal and professional fees of $1,397 on their 2004 tax return.  Included within the $4,306 are expenses for advertising and franchise fees, professional dues, office expenses, and office supplies.[6] For the advertising and franchise fees, petitioners have submitted monthly invoices from the Keyes Co., Mr. Fleming's real estate company, for petitioners' 2004 tax year.  The monthly statements list franchise fees totaling $1,020 and advertising fees totaling $231.  Respondent has conceded that petitioners are entitled to franchise fees of $765 and advertising fees of $231.

---

[6]Expenses for cellular telephone service are also included within the $4,306 of other expenses.  However, cellular telephones are listed property that must meet the strict substantiation requirements of sec. 274(d).

Petitioners argue, but have failed to prove, that all amounts billed were deductible from their 2004 income. Petitioners testified that amounts billed, once paid, were removed from later invoices. However, several of the Keyes Co. invoices from petitioners' 2005 tax year show amounts carried over from petitioners' 2004 tax year. In addition to the Keyes Co. invoices, petitioners provided bank records that purportedly show business expenses. Mr. Fleming testified that he placed a checkmark next to each purported business expense. One entry shows an expense of $51 for advertising in the local paper. Accordingly, we hold that petitioners are entitled to a deduction for advertising expenses of $51 in excess of respondent's concession of $231 for their 2004 tax year.

As to petitioners' professional dues, petitioners provided invoices for professional dues of $817. The invoices do not indicate whether the $817 was paid, and petitioners failed to provide any documentation, such as receipts, canceled checks, or credit card statements, to show that the professional dues were paid. Mr. Fleming testified that he paid the $817, but given petitioners' history of untimely payments and lack of documentation, we find his testimony unpersuasive. Additionally, we were unable to match payment of the professional dues to petitioners' 2004 bank statements. Accordingly, we conclude that petitioners have failed to prove that they paid $817 for

professional dues.  Consequently, we sustain respondent's determination denying a deduction for petitioners' professional dues claimed on their 2004 tax return.

As to petitioners' claimed deduction for office supplies and expenses, in support of their claimed deduction petitioners provided personal bank statements which they allege show business expenses by notations of checkmarks, as stated above.  Many of the checked items were for purchases at Office Max and the U.S. Postal Service.  However, petitioners failed to provide any additional testimony or evidence explaining the checked items.  Accordingly, we conclude that, without more, petitioners' evidence fails to provide a sufficient evidentiary basis to make a Cohan estimate of costs.  See Vanicek v. Commissioner, 85 T.C. at 743.  Consequently, we sustain respondent's denial of petitioners' deduction for office supplies and expenses claimed on their 2004 tax return.

Finally, as to petitioners' expenses for legal and professional fees, petitioners failed to present any evidence or argument on legal and professional fees.  Therefore, petitioners have failed to provide an evidentiary basis to make a Cohan estimate of expenses for legal and professional fees.  See Vanicek v. Commissioner, supra.  Accordingly, we sustain respondent's deficiency determinations regarding the legal and

professional fees claimed as a deduction on petitioners' 2004 tax return.

The Court has considered all other arguments made by the parties and, to the extent we have not addressed them herein, we consider them moot, irrelevant, or without merit.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered under Rule 155</u>.