T.C. Memo. 2015-102

UNITED STATES TAX COURT

ZETINA RENNER AND OZ INANLI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26481-12.            Filed June 2, 2015.

Zetina Renner and Oz Inanli, pro sese.

John R. Bampfield, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge: Respondent determined deficiencies of $11,941 and
$18,615 in petitioners' Federal income tax for the taxable years 2009 and 2010,

[*2] respectively, and accuracy-related penalties under section 6662[1] for the taxable years 2009 and 2010 of $2,388.20 and $3,723, respectively. The issues for decision are: (1) whether petitioners are entitled to deductions for car and truck expenses claimed on Schedules C, Profit or Loss From Business, and on Schedules F, Profit or Loss From Farming, for the taxable years 2009 and 2010 (years at issue); (2) whether petitioners are entitled to deductions for medical and dental expenses and for gambling losses claimed on Schedules A, Itemized Deductions, in excess of the amounts allowed by respondent for the years at issue; and (3) whether petitioners are liable for accuracy-related penalties under section 6662(a) for the years at issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioners resided in Tennessee.

During the years at issue petitioners' primary residence was in White Pine, Tennessee (White Pine residence). Petitioners owned two automobiles during the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] years at issue:  a Chevrolet Venture primarily driven by Mr. Inanli and a Dodge Intrepid primarily driven by Mrs. Renner.

Petitioners' Schedule C Expenses

In 2009 and 2010 Mr. Inanli was an employee at Lane College in Jackson, Tennessee.  Mr. Inanli taught at Lane College from 2004 to 2010.  Mr. Inanli would teach business classes during the fall and spring semesters but not during the summer.[2]  Lane College is located approximately 470 miles from petitioners' White Pine residence.

Petitioners filed joint Federal income tax returns for the taxable years at issue.  Petitioners claimed deductions for car and truck expenses on Schedules C of their 2009 and 2010 joint returns of $22,832 and $9,732, respectively.  These expenses relate to Mr. Inanli's "educational services" business.  According to petitioners, these expenses correspond to mileage driven by Mr. Inanli traveling: (1) between petitioners' White Pine residence and Lane College; (2) in the area surrounding Lane College; and (3) "meeting/visiting/serving clients".[3]

---

[2]Mr. Inanli also taught online courses as an independent contractor for Breyer State University during the years at issue.

[3]Petitioners' claimed Schedule C car and truck expenses are based on 41,233 business miles for 2009 and 19,414 business miles for 2010.

**[*4]** Petitioners' Schedule F Expenses

During the years at issue Mrs. Renner was a full-time employee of MSHA Corp. in Johnson City, Tennessee. Mrs. Renner's mother owned a farm in Mohawk, Tennessee, during the years at issue, and Mrs. Renner engaged in part-time farming activities.

On Schedules F of their 2009 and 2010 joint tax returns petitioners claimed deductions for car and truck expenses of $25,411 and $12,551, respectively. According to petitioners, these expenses correspond to miles driven by Mrs. Renner to "look at equipment" and attending "auctions to buy cows or other livestock animals."[4]

Petitioners' Gambling Losses

Petitioners gambled extensively during the years at issue. On Schedule A of their 2009 joint tax return petitioners reported $31,400 of gambling income and claimed $31,383 of gambling losses. On Schedule A of their 2010 joint tax return petitioners reported $188,450 of gambling income and claimed $185,885 of gambling losses. Petitioners did not keep any written records with respect to their gambling activities.

----

[4]We note that petitioners listed "tobacco" as the principal crop or activity on their 2009 and 2010 Schedules F.

[*5] Petitioners' Medical and Dental Expenses

During the years at issue petitioners used certain herbs, vitamins, and medical equipment to treat a variety of their medical conditions. On Schedules A attached to their respective 2009 and 2010 joint returns petitioners claimed deductions for medical and dental expenses of $36,200 and $51,766, respectively.

On August 7, 2012, respondent issued to petitioners a notice of deficiency for 2009 and 2010. For 2009 respondent: (1) disallowed petitioners' claimed Schedule C car and truck expenses; (2) disallowed petitioners' claimed Schedule F car and truck expenses; (3) disallowed $16,602 of petitioners' claimed $31,383 of gambling losses; (4) disallowed $1,525 of petitioners' claimed $36,200 of medical and dental expenses; and (5) determined an accuracy-related penalty under section 6662 of $2,388.20.[5] For 2010 respondent: (1) disallowed petitioners' claimed Schedule C car and truck expenses; (2) disallowed petitioners' claimed Schedule F car and truck expenses; (3) disallowed $43,750 of petitioners' claimed $185,885 of gambling losses; (4) disallowed $29,903 of petitioners' claimed $51,766 of medical and dental expenses; and (5) determined an accuracy-related penalty

---

[5]Respondent also increased petitioners' claimed Schedule C deduction for travel expenses by $199.41.

**[\*6]** under section 6662 of $3,723.  Petitioners timely filed a petition disputing the determinations in the notice of deficiency.

OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioners do not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 6001 requires the taxpayer to maintain records sufficient to establish the amount of each deduction.  See also sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  See Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry, and is necessary if it is

**[\*7]** appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471-472 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940). In contrast, section 262(a) disallows deductions for personal, living, or family expenses.

If the taxpayer establishes that an expense is deductible, but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his or her own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

However, section 274 overrides the Cohan rule with regard to certain expenses. See Sanford v. Commissioner, 50 T.C. 823, 828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Under section 274(d), the taxpayer must meet stricter substantiation requirements to be allowed a deduction under section 162. The heightened substantiation requirements of section 274(d) apply to: (1) any traveling expense, including meals and lodging away from home;

**[*8]** (2) any item with respect to an activity in the nature of entertainment, amusement, or recreation; (3) an expense for gifts; or (4) the use of "listed property" as defined in section 280F(d)(4), including any passenger automobiles. To deduct these expenses, the taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense. Sec. 274(d); see Oswandel v. Commissioner, T.C. Memo. 2007-183, 2007 Tax Ct. Memo LEXIS 185, at *7. Even if such an expense would otherwise be deductible, section 274 may still preclude a deduction if the taxpayer does not present sufficient substantiation. Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the use or expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. See sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A log that is kept on a weekly basis is considered contemporaneous for this purpose. See sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018 (Nov. 6, 1985). The

**[\*9]** level of detail required for substantiating by adequate records the business use of listed property depends on the facts and circumstances of such use. See id. subdiv. (ii)(C), 50 Fed. Reg. 46018-46019.

Schedule C Car and Truck Expenses

On their 2009 and 2010 Schedules C petitioners claimed deductions for car and truck expenses of $22,832 and $9,732, respectively. According to petitioners, these expenses correspond to miles driven by Mr. Inanli traveling (1) between petitioners' White Pine residence and Lane College and (2) to and from various locations throughout Tennessee and Virginia while "meeting/visiting/serving clients". Petitioners contend that these expenses have been adequately substantiated and therefore are deductible as trade or business expenses pursuant to section 162. Respondent contends that no amount of the claimed Schedule C deductions for car and truck expenses should be allowed for 2009 and 2010.

Petitioners' claimed car and truck expenses are subject to the heightened substantiation requirements of section 274(d). See secs. 274(d)(4), 280F(d)(4)(A)(i). As applicable to vehicle expenses, section 274(d) requires the taxpayer to substantiate: (1) the mileage, (2) the time and place of the use; and (3) the business purpose of the use. See Solomon v. Commissioner, T.C. Memo. 2011-91, 2011 Tax Ct. Memo LEXIS 90, at \*8.

**[\*10]** To substantiate the miles driven by Mr. Inanli, petitioners offered into evidence two mileage logs. The first log purportedly shows the monthly miles driven by Mr. Inanli: (1) "to work from home"; (2) "to work from hotel"; (3) "total miles driven--month"; and (4) odometer readings at the beginning and end of each month. The second log shows mileage driven by Mr. Inanli connected with "[m]eeting/visiting/serving clients--audit exam". The second log lists the city and State of travel and the total miles driven for June, July, and August 2009.

There are several problems with these logs. The first log purports to show round-trip mileage driven by Mr. Inanli between petitioners' White Pine residence and Lane College during the years at issue. As a general rule, expenses for traveling between one's home and one's place of business or employment constitute commuting expenses and, consequently, are nondeductible personal expenses.[6] See Commissioner v. Flowers, 326 U.S. 465, 469-470 (1946); Curphey v. Commissioner, 73 T.C. 766, 777 (1980). Petitioners have provided no

---

[6]There are three exceptions to the general rule that commuting expenses are nondeductible: (1) the taxpayer's residence is his or her principal place of business; (2) the work location is a temporary location outside of the metropolitan area where the taxpayer lives and normally works; and (3) the taxpayer's work location is a temporary location, regardless of distance, if the taxpayer also has one or more regular work locations away from the taxpayer's residence. Bogue v. Commissioner, T.C. Memo. 2011-164, 2011 Tax Ct. Memo LEXIS 164, at \*14, \*16, aff'd, 522 Fed. Appx. 169 (3d Cir. 2013). Petitioners have provided no credible evidence to suggest that any of these exceptions apply.

**[*11]** alternative explanation for Mr. Inanli's travel between their White Pine residence and Lane College other than his employment as a business professor. In addition, neither mileage log contains any specific entries regarding the business purposes of Mr. Inanli's travel or the names of the clients he allegedly visited. A mileage log that does not contain information regarding the business purpose of trips is not an adequate record as required by section 274(d). See Fleming v. Commissioner, T.C. Memo. 2010-60, 2010 Tax Ct. Memo LEXIS 63, at *7. Moreover, it appears that the mileage logs were not prepared contemporaneously with Mr. Inanli's travels but rather were compiled in anticipation of trial. See sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., supra.

At trial Mr. Inanli offered his testimony regarding petitioners' claimed mileage expenses. However, Mr. Inanli's testimony was vague, unspecific, and unpersuasive as to the business purpose underlying the respective trips. Section 274(d) specifically precludes the allowance of automobile expenses on the basis of an approximation or the taxpayer's uncorroborated testimony. See Larson v. Commissioner, T.C. Memo. 2008-187, 2008 Tax Ct. Memo LEXIS 182, at *11. We find Mr. Inanli's testimony not sufficiently corroborated to be persuasive.

**[*12]** Accordingly, we sustain respondent's disallowance of petitioners' Schedule C car and truck expenses for 2009 and 2010.

Schedule F Car and Truck Expenses

Petitioners claimed deductions for car and truck expenses on their 2009 and 2010 Schedules F of $25,411 and $12,551, respectively. According to petitioners, these expenses correspond to miles driven by Mrs. Renner while undertaking part-time farming activities during 2009. In support of their claimed deductions, petitioners submitted into evidence, inter alia, a mileage log for 2009 and several printouts of Mapquest directions to various locations purportedly related to Mrs. Renner's farming activities. Respondent contends that all of the car and truck expenses claimed by petitioners on their 2009 and 2010 Schedules F should be disallowed.

Consistent with their Schedule C expenses for the years at issue, petitioners are again subject to the heightened substantiation requirements of section 274(d). See secs. 272(d)(4), 280F(d)(4)(A)(i). As applicable to vehicle expenses, section 274(d) requires the taxpayer to substantiate: (1) the mileage, (2) the time and place of the use; and (3) the business purpose of the use. See Solomon v. Commissioner, 2011 Tax Ct. Memo LEXIS 90, at *8.

[*13] We find petitioners' farming mileage log to be insufficient. The log shows monthly miles driven by Mrs. Renner in 2009, odometer readings at the beginning and end of each month, and general descriptions of monthly "farming activities". First, the log does not articulate the business purpose of Mrs. Renner's alleged trips other than to assign general categories of activity to each month (e.g., "[h]arvesting the land", "[l]ogging", and "raising, shearing, training ad [sic] managing animals"). Nowhere does the log specify the names and addresses of customers or stores visited or the business purposes underlying the claimed trips. Petitioners also submitted three receipts from Tractor Supply Co. in Morristown, Tennessee, and two receipts from Morristown Milling Co. in Morristown, Tennessee.[7] However, these receipts were not accompanied by an explanation of the business purpose of the trips and do not correspond to specific entries in the mileage log. Section 274(d) requires a specific showing of time, place of travel, and business purpose, and we are not persuaded that petitioners' evidence rises to the "level of credibility of a contemporaneous record." See Larson v. Commissioner, 2008 Tax Ct. Memo LEXIS 182, at *10; sec. 1.274-5T(c)(1),

---

[7]Petitioners also submitted into evidence receipts for repairs to the Dodge Intrepid. However, given that Mrs. Renner had a full-time job in Johnson City, Tennessee, there is no way of knowing whether these repairs are attributable to her commuting to MSHA Corp. or to her part-time farming activities.

[*14] Temporary Income Tax Regs., supra. In addition, petitioners produced no mileage log or other documentary evidence to substantiate any of their claimed farming mileage for the taxable year 2010. Accordingly, we conclude that petitioners are not entitled to any car and truck expenses claimed on their Schedules F for 2009 and 2010.

Schedule A Gambling Losses

Petitioners claimed Schedule A gambling losses of $31,383 and $185,885 for 2009 and 2010, respectively. Using Caesar's Entertainment gaming history statements, respondent determined that petitioners had gambling losses of $14,781 for 2009 and $142,135 for 2010. Petitioners argue that they "have proven their gambling losses more than satisfactorily through win/loss statements, bank withdrawals, [a] witness statement and credible and consistent testimony", and that "[a]ny remaining concerns should be dealt with by employing the Cohan Rule."

A taxpayer who is not in the trade or business of gambling and who chooses to calculate his or her income using itemized deductions in lieu of the standard deduction may deduct gambling losses under certain circumstances. Section 165(d) provides that "[l]osses from wagering transactions shall be allowed only to

**[\*15]** the extent of the gains from such transactions." Petitioners do not argue that their gambling activities constitute a trade or business.

The taxpayer is required to maintain "permanent books of account or records * * * as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information." Sec. 1.6001-1(a), Income Tax Regs. In the case of gambling winnings and losses the taxpayer can substantiate income and deductions by maintaining a contemporaneous log, see Schooler v. Commissioner, 68 T.C. 867, 871 (1977), or by consistently using a player's card to monitor gambling activity, see Lutz v. Commissioner, T.C. Memo. 2002-89, 2002 Tax Ct. Memo LEXIS 92. Many taxpayers do not keep a detailed record of their wagering winnings and losses, but we do not treat taxpayers who claim to have sustained wagering losses more favorably than other taxpayers by allowing a deduction for wagering losses when the evidence is inadequate. Schooler v. Commissioner, 68 T.C. at 871. Whether the taxpayer has sustained gambling losses and the amount thereof is a question of fact to be resolved upon consideration of the taxpayer's evidence and credibility. Norgaard v. Commissioner, 939 F.2d 874, 878 (9th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1989-390.

**[*16]** In support of their claimed gambling losses petitioners offered into evidence bank statements from Bancorp South and Suntrust Bank. The Bancorp South statement shows ATM withdrawals, point of sale purchases, and cash advances at or near casinos from April to August 2009. The Suntrust statement shows ATM withdrawals and point of sale debits at or near casinos from April to December 2010.

Cash advances or ATM withdrawals at or near a location generally are not sufficient by themselves to prove that the cash was spent at that location or for any specific purpose. See Lutz v. Commissioner, 2002 Tax Ct. Memo LEXIS, at *19. However, we have used the Cohan rule to estimate a taxpayer's gambling losses when the taxpayer provided both bank statements recording ATM withdrawals at a casino and credible testimony regarding specific details of his or her practices regarding ATM withdrawals and gambling activities. See Lamb v. Commissioner, T.C. Memo. 2013-155, at *19-*21. Petitioners did not provide credible testimony concerning the specific details of their gambling practices. Accordingly, we are unable to determine what portion, if any, of petitioners' ATM withdrawals, point of sale debits, and cash advances was spent on gambling. Therefore, petitioners are not entitled to offset their 2009 and 2010 gambling winnings with any gambling losses in excess of the amounts allowed by respondent.

**[*17]** <u>Schedule A Medical and Dental Expenses</u>

Petitioners claimed deductions for medical and dental expenses on Schedules A for 2009 and 2010 of $36,200 and $51,766, respectively. In the notice of deficiency, respondent allowed $34,675 of the $36,200 that petitioners claimed for 2009 and allowed $21,863 of the $51,766 that petitioners claimed for 2010. Petitioners contend that they are entitled to the deductions claimed for medical and dental expenses in full because "Publication 502 clearly allows deduction of herbs, vitamin supplements and medical equipment if they are recommended by a health care professional."

Section 213(a) allows as a deduction "the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer" to the extent that such expenses exceed 7.5% of the taxpayer's adjusted gross income. Section 213(d)(1) provides, in pertinent part, that the term "medical care" means amounts paid for "the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body".

The taxpayer must maintain adequate records to substantiate all claimed deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. To substantiate medical and dental expenses, the taxpayer must furnish the name and address of

**[\*18]** each payee and the date and amount of each payment.  Sec. 1.213-1(h), Income Tax Regs.  If requested by the Commissioner, the taxpayer must also furnish a statement or itemized invoice identifying the patient, the type of service rendered or other item of expense incurred, and the specific purpose of the expense.  Id.

To substantiate their medical expenses, petitioners offered into evidence: (1) PayPal activity statements for 2009 and 2010; (2) a Walmart pharmacy statement for Mrs. Renner for 2010; (3) photocopied receipts related to medical expenses; and (4) a signed note dated September 6, 2012, from their treating physician stating that "[u]sing herbs, vitamin supplements and medical equipment is recommended for * * * [petitioners] to treat [a] variety of their medical condition[s]."  Petitioners further provided three printouts showing eBay transactions made in 2009 for a respiratory aid, a sleeping aid, and "nutribiotic grapefruit".

We find that petitioners have failed to substantiate their claimed medical and dental expenses for 2009 and 2010 in amounts greater than the amounts allowed by respondent.  To begin with, petitioners' PayPal history statements provide only a date, seller name/email, and a net amount paid.  The statements do not provide the name and address of the payee, the product/service purchased, the

**[*19]** medical purpose of the product/service purchased, or the name of the patient or payor.  Similarly, petitioners' photocopied receipts lack one or more of the following:  (1) the product/service purchased; (2) the specific medical purpose underlying the expense; (3) the name and address of the payee; or (4) the name of the payor or patient.  Although petitioners submitted a letter from their treating physician, the letter broadly states that herbs, vitamin supplements, and medical equipment are recommended to treat a variety of petitioners' medical conditions.  The letter does not specify which herbs, supplements, and medical equipment are being recommended or the medical purpose these recommendations purport to serve.

Even if we accept petitioners' medical and dental documents as adequate substantiation, they still total less than the amounts allowed by respondent in the notice of deficiency.  For 2009 respondent allowed $34,675 of the $36,200 petitioners claimed, whereas petitioners' statements and receipts total less than $8,000.  For 2010 respondent allowed $21,863 of the $51,766 petitioners claimed, whereas petitioners' statements and receipts total less than $3,000.  Accordingly, we sustain respondent's determination regarding petitioners' medical and dental expenses for the years at issue.

**[*20]** Accuracy-Related Penalties

Respondent determined that petitioners are liable for section 6662 accuracy-related penalties of $2,388.20 and $3,723 for 2009 and 2010, respectively. Section 6662(a) and (b)(1) and (2) permits the application of an accuracy-related penalty in the amount of 20% to any portion of an underpayment which is attributable to, among other things, negligence or intentional disregard of rules or regulations or any substantial understatement of income tax. A substantial understatement of income tax exists when the taxpayer's understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

The Commissioner bears the burden of production concerning the imposition of penalties and must provide sufficient evidence indicating that it is appropriate to impose the penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner satisfies his burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalty is improper because of reasonable cause under section 6664(c). Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Petitioners' deficiencies in income tax for the taxable years 2009 and 2010 are $11,941 and $18,615, respectively. The understatements of income tax for

[*21] both 2009 and 2010 exceed the greater of 10% of the tax required to be shown on petitioners' returns or $5,000.[8]  Therefore, petitioners' understatements are substantial.  Consequently, we conclude that respondent has met his burden of production with respect to petitioners' substantial understatements of income tax.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion.  See Higbee v. Commissioner, 116 T.C. at 448.  The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Petitioners have the burden of proving that the penalties are inappropriate because of reasonable cause under section 6664.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.  Petitioners have failed to prove that the penalties are inappropriate because of reasonable cause.  Accordingly, we hold that petitioners are liable for the accuracy-related penalties under section 6662(a) for their underpayments of tax for the 2009 and 2010 tax years.

---

[8]On their 2009 and 2010 returns petitioners reported income tax liabilities of zero and $1,258, respectively.

**[*22]** In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.