T.C. Memo. 1997-92

UNITED STATES TAX COURT

RICHARD JOHN KADUNC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5105-95.                    Filed February 24, 1997.

Richard John Kadunc, pro se.

<u>Aretha Jones</u>, for respondent.


MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined a deficiency of $858 in petitioner's
Federal income tax for 1991.

---

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether a State income tax refund of $1,738 received by petitioner during 1991 constitutes taxable income for that year; (2) whether petitioner is entitled to deduct home mortgage interest expenses in excess of an amount allowed by respondent; and (3) whether petitioner is liable for the penalty under section 6673(a)(1). The remaining adjustment in the notice of deficiency to petitioner's miscellaneous deductions is computational and will be resolved by the Court's holdings on the aforementioned issues.

The parties submitted this case fully stipulated. The stipulation of facts and the annexed exhibits are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Springfield, Virginia.

Petitioner claimed a deduction on his 1990 Federal income tax return for State and local income tax paid in 1990 in the amount of $2,621.55. During 1991, petitioner received a check from the State of Virginia in the amount of $1,738, reflecting a State income tax refund. Petitioner failed to report this refund on his 1991 Federal income tax return. Further, on his 1991 return petitioner claimed an itemized deduction for home mortgage interest in the amount of $16,896.

In the notice of deficiency, respondent determined that the State income tax refund received by petitioner during 1991

constituted gross income for 1991. Respondent further allowed a home mortgage interest deduction of $15,600, thereby disallowing $1,296 of the amount claimed by petitioner.[2]

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction, and that such deduction fits squarely within the ambit of the statute providing the deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions. Sec. 6001.

With respect to the State income tax refund, petitioner claimed a deduction for State income taxes on his 1990 Federal income tax return. During 1991, petitioner received a $1,738 refund of State income tax. Petitioner admitted receipt of such refund; however, he failed to include this refund as income on

---

[2] The State of Virginia reported to respondent that, in 1991, it paid a State income tax refund of $1,738 to petitioner. Further, Gulf States Mortgage Co., Inc. (Gulf States), reported to respondent that petitioner had paid mortgage interest during 1991 in the amount of $15,600.

his 1991 return. Generally, under section 111 and the regulations thereunder, if a tax was deducted on a prior year's return that resulted in a reduction of tax and a tax benefit to the taxpayer, a subsequent recovery by the taxpayer of such tax must be included in gross income in the year the recovery is received. Prewitt v. Commissioner, T.C. Memo. 1995-24; Kadunc v. Commissioner, T.C. Memo. 1992-61, affd. without published opinion 981 F.2d 1251 (4th Cir. 1992); Kass v. Commissioner, T.C. Memo. 1988-403; Tracy v. Commissioner, T.C. Memo. 1985-40, affd. without published opinion 782 F.2d 1045 (7th Cir. 1985); Nyhus v. Commissioner, T.C. Memo. 1979-519; Monroe v. Commissioner, T.C. Memo. 1979-100. Petitioner presented no evidence to show that he had not realized a tax benefit from his deduction of State income taxes on his 1990 return. On the contrary, the copy of petitioner's 1990 return reflects that petitioner unquestionably enjoyed a tax benefit by his deduction of State income taxes for 1990. On this record, the Court sustains respondent on this issue.

With respect to the $1,296 disallowed home mortgage interest expenses, respondent received from Gulf States a "substitute" Form 1098, "Annual Tax and Interest Statement" (Form 1098), reflecting "net" interest paid by petitioner to Gulf States during 1991 that totaled $15,600.83. Although the Form 1098 showed total interest "applied" to 1991 as $16,896.33, the form

subtracted from that amount $1,295.50 of "prepaid interest" and, thereby, exhibited a net figure of $15,600.83 in 1991 interest payments made by petitioner during 1991. The following statement was printed in bold type at the bottom of the Form 1098, "1991 Net Interest Payments Reported to IRS ********** 15,600.83". This statement is not ambiguous. Petitioner failed to show that, during 1991, he made any deductible payments of home mortgage interest in excess of $15,600[3] and, therefore, failed to prove that he (as a cash basis taxpayer) is entitled to a deduction for mortgage interest in excess of the amount shown on the Form 1098;

---

[3] Respondent introduced into evidence copies of petitioner's Forms 1098 from Gulf States for both 1991 and 1992. The Form 1098 for 1992 reflects "Net Prepaid Interest - Prior Year" in the amount of $1,295.50, which was included in the "Net Interest Payments Reported to IRS" for 1992; i.e., the amount that was deductible for 1992. The Form 1098 for 1991 reflects "Net Prepaid Interest - Current Year" in the amount of $1,295.50, which was deducted from the "Net Interest Payments Reported to IRS" for 1991 (i.e., not deductible). The Court concludes from these two forms that the $1,295.50 figure represents interest applicable to the 1992 year that petitioner "prepaid" during the 1991 tax year. Sec. 461(g) provides that, if a cash method taxpayer pays interest that is "properly allocable to any period * * * which is after the close of the taxable year in which paid", such interest shall be treated as paid in the period to which such interest is allocable. Sec. 461(g)(2) provides an exception to this treatment for the payment of "points" in connection with the taxpayer's principal residence. However, petitioner presented no evidence to show that he had paid "points" that would entitle him to an interest deduction in the year of payment.

i.e., $15,600.83, the amount allowed by respondent.[4]  Respondent, therefore, is sustained on this issue.

Respondent requested that this Court impose against petitioner the penalty under section 6673(a)(1).  As relevant herein, section 6673(a) authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law".  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioner's positions, with regard to his State income tax refund, consisted solely of stale and time worn tax protester rhetoric.[5]  Further, petitioner has repeatedly inundated this Court with an exorbitant amount of meandering and immaterial documents.  Rather than attempting to

---

[4]  Respondent actually allowed a deduction of $15,600.  The difference of $.83 is due to rounding.

[5]  For example, petitioner argued that an "Accord and Satisfaction" had been executed between petitioner and respondent and could not be violated; that the "black letter of the law" is not the only law applicable to Federal income tax returns; that the Internal Revenue Service has not incorporated by reference in the Federal Register a requirement to make an income tax return, etc.

challenge the merits of respondent's determinations with regard to the State income tax refund, petitioner chose to repeatedly and pointlessly advance bizarre and intricate mathematical theories to support his contention that State income tax refunds should not be taxable income.

Furthermore, and most notably, petitioner is no stranger to this Court. In 1986, petitioner failed to include as income a State income tax refund he received for overpayment of his 1985 State income taxes that he had deducted on his 1985 Federal income tax return. In Kadunc v. Commissioner, T.C. Memo. 1992-61, this Court held that the State income tax refund constituted gross income in the year received and should have been reported on petitioner's Federal income tax return for the year in which the refund was received. The reasons for holding against petitioner in that case were very well articulated by the Court. Yet, petitioner persisted in failing to report such income on his 1991 return and chose to litigate that same issue again in this proceeding.[6] Petitioner endeavored to introduce as evidence in this case documents and other evidence, including the trial transcript, from his prior case before this Court. Such evidence did not sustain his cause in the previous case and is clearly

---

[6] Also, petitioner filed a petition with this Court, docket No. 10165-95, regarding this same issue for a different tax year. That petition was dismissed for lack of jurisdiction for the reason that the petition was untimely filed. Petitioner has appealed the dismissal.

immaterial in this case. Moreover, petitioner had been placed on notice, by the holding in his previous case, that such evidence and the arguments in connection therewith possessed no merit.

The voluminous documents petitioner presented to this Court had no relevance to his case. When that is coupled with his nonsensical arguments, the Court is provoked to apply the penalty under section 6673(a)(1). The fact that petitioner believed, or may have believed, that he was entitled to a larger home interest deduction for 1991 than the amount allowed by respondent is of no consequence in this matter. In Sloan v. Commissioner, 102 T.C. 137, 148 (1994), affd. 53 F.3d 799 (7th Cir. 1995), this Court observed that "The mere fact that not every one of petitioner's arguments is frivolous or groundless does not eliminate the applicability of section 6673." See also Granado v. Commissioner, 792 F.2d 91, 94 (7th Cir. 1986), affg. T.C. Memo. 1985-237. Petitioner's possible belief with regard to his home interest deduction does not shield him from the imposition of the penalty under section 6673(a)(1). By far, the majority of petitioner's pleadings and arguments are frivolous and demonstrate that petitioner regarded this case as a vehicle to protest the tax laws of this country and espouse his own misguided views. This Court does not look with favor upon such tactics.

The Court is also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay.  Having to deal with this matter wasted the Court's time, as well as respondent's.  Petitioner, likewise, wasted his own time.  In view of the foregoing, this Court grants respondent's request and exercises its discretion under section 6673(a)(1) by requiring petitioner to pay a penalty to the United States in the amount of $300.  Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984); Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984).

Decision will be entered

for respondent.