T.C. Memo. 2015-167

UNITED STATES TAX COURT

JIJUN CHEN AND XIUJING GU, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4954-14.                           Filed August 24, 2015.

Jijun Chen and Xiujing Gu, pro sese.

<u>David A. Indek</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined deficiencies in petitioners' Federal

income tax and accuracy-related penalties as follows:

| Year | Deficiency | Accuracy-related Penalty Sec. 6662 |
|------|-----------|------------------------------------|
| 2010 | $3,231 | $646 |
| 2011 | 6,159 | 1,232 |
| 2012 | 10,115 | 2,023 |

**[*2]** The issues for decision are: (1) whether petitioners are entitled to deduct certain business expenses claimed on Schedules C, Profit or Loss From Business, for the taxable years 2010, 2011, and 2012 (years in issue); (2) whether a State income tax refund of $5,827 petitioners received in 2012 constitutes taxable income for that year; and (3) whether petitioners are liable for accuracy-related penalties under section 6662(a) for the years in issue.

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioners resided in Maryland.

On July 24, 2009, petitioners formed Allonger, LLC (Allonger), a private biotechnology company. Allonger's principal office is in Wilmington, Delaware.[1] Petitioner Jijun Chen[2] is Allonger's sole shareholder and is listed as the resident

---

[1]Allonger also has a location in Quingdao, China.

[2]Mr. Chen has a medical degree and a Ph.D., both of which he obtained in China.

**[*3]** agent for Allonger on the limited liability company registration. Between July 24, 2009, and December 31, 2012, petitioners did not earn any money through Allonger or acquire any clients or contracts for Allonger.

Petitioners have two children, A.Y.C. and E.Y.C.,[3] both of whom were born in 2001. The Forms W-2, Wage and Tax Statement, submitted to the Internal Revenue Service (IRS) show that Allonger paid A.Y.C. and E.Y.C. wages in tax year 2012 totaling $9,960.[4] Allonger did not pay other wages or compensation to any other individuals for the years in issue. As discussed infra, petitioners claim various Schedule C deductions for the years in issue associated with Allonger.

For tax years 2010 and 2011 petitioners claimed refunds of $10,769 and $14,615, respectively. On Schedule A, Itemized Deductions, of their 2011 Federal income tax return, petitioners claimed a $6,206 deduction for Maryland State income tax paid. In 2012 petitioners received a $5,827 Maryland State income tax refund. Petitioners did not report the 2011 refund on their 2012 Federal income tax return.

---

[3]It is the Court's policy to refer to minor children only by their initials. See Rule 27(a)(3).

[4]Petitioners did not issue Forms W-2 or Forms 1099-MISC, Miscellaneous Income, from Allonger to their children for the 2010 or 2011 tax year.

**[\*4]**  Petitioners timely filed a joint Federal income tax return for each of the years in issue.[5]  Mr. Chen listed his occupation as programmer, and Xiujing Gu listed her occupation as professional.  Respondent issued to petitioners a notice of deficiency for the years in issue.  Petitioners timely filed a petition disputing the determinations in the notice of deficiency.

OPINION

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Petitioners do not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

A.  <u>Petitioners' Claimed Deductions</u>

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Section 6001 requires the taxpayer to maintain records

---

[5]The record includes copies of petitioners' 2010 and 2011 Forms 1040, U.S. Individual Income Tax Return, and a transcript of petitioners' 2012 tax return. Attached to petitioners' posttrial brief is a copy of their 2012 Form 1040.

**[*5]** sufficient to establish the amount of each deduction claimed. See also sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". See Boyd v. Commissioner, 122 T.C. 305, 313 (2004). A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471-472 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940). In contrast, section 262(a) disallows deductions for personal, living, or family expenses.

If the taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his or her own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

**[*6]** However, section 274 overrides the <u>Cohan</u> rule with regard to certain expenses. <u>See</u> <u>Sanford v. Commissioner</u>, 50 T.C. 823, 828 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Under section 274(d), the taxpayer must meet stricter substantiation requirements to be allowed a deduction under section 162. The heightened substantiation requirements of section 274(d) apply to: (1) any traveling expense, including meals and lodging away from home; (2) any item with respect to an activity in the nature of entertainment, amusement, or recreation; (3) an expense for gifts; or (4) the use of "listed property" as defined in section 280F(d)(4), including any passenger automobiles. To deduct these expenses, the taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense. Sec. 274(d); <u>see</u> <u>Oswandel v. Commissioner</u>, T.C. Memo. 2007-183, 2007 Tax Ct. Memo LEXIS 185, at *7. Even if such an expense would otherwise be deductible, section 274 may still preclude a deduction if the taxpayer does not present sufficient substantiation. Sec. 1.274-5T(a), Temporary Income Tax Regs., <u>supra</u>.

[*7]   Petitioners reported zero gross receipts for Allonger for each of the years in issue.  Petitioners claimed deductions for Schedule C business expenses pertaining to Allonger of $30,739 for 2010, $44,182 for 2011, and $43,730 for 2012, all of which are in issue.  These Schedule C expenses are as follows:

| Expense | 2010 | 2011 | 2012 |
|---|---|---|---|
| Advertising | --- | $202 | $222 |
| Car and truck | $11,850 | 19,010 | 10,544 |
| Contract labor | --- | 350 | [1]250 |
| Depreciation | 2,505 | 2,774 | 4,705 |
| Employee benefit programs | 3,446 | 4,844 | 5,178 |
| Insurance | 546 | 614 | 626 |
| Legal and professional | 571 | --- | --- |
| Office expense | 2,144 | 3,711 | 1,939 |
| Repairs and maintenance | 920 | 1,323 | 919 |
| Supplies | 999 | 1,773 | 951 |
| Taxes and licenses | --- | 725 | 550 |
| Travel | 1,594 | 2,779 | 2,410 |
| Meals and entertainment | 1,839 | 2,269 | 1,941 |
| Utilities | 2,317 | 3,768 | 3,432 |
| Wages | --- | --- | 9,960 |
| Other expenses | 2,008 | 40 | 103 |
| Total | 30,739 | 44,182 | 43,730 |

[1]Attached to petitioners' posttrial brief is a copy of their 2012 Schedule C, showing a $250 contract labor expense claimed for this year.  The notice of deficiency indicates that this amount was claimed for 2010.

    Although not specifically argued by petitioners, it appears that certain expenses claimed on their Schedules C for the years in issue are car and truck

[*8] mileage expenses and home office expenses. For clarity we will address petitioners' claimed expenses in three categories: car and truck expenses, home office expenses, and other expenses.

### 1. Car and Truck Expenses

Petitioners claimed car and truck expenses for each of the years in issue, and these expenses are subject to the heightened substantiation requirements of section 274(d). See secs. 274(d)(4), 280F(d)(4)(A)(i). As applicable to vehicle expenses, section 274(d) requires the taxpayer to substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the mileage; (2) the time and place of the use; and (3) the business purpose of the use. See Solomon v. Commissioner, T.C. Memo. 2011-91, 2011 Tax Ct. Memo LEXIS 90, at *8. Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the use or expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. See sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A log that is kept on a weekly basis is considered contemporaneous for this purpose. See sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018 (Nov. 6, 1985). The

**[*9]** level of detail required for substantiating by adequate records the business use of listed property depends on the facts and circumstances of such use. See id. subdiv. (ii)(C), 50 Fed. Reg. 46018-46019.

We find that petitioners have failed to prove that they are entitled to deduct any car and truck expenses for the years in issue as required under section 274(d). Petitioners did not provide any records to establish the mileage driven, the time and place of vehicle use, or the business purpose of the use. Accordingly, we sustain respondent's disallowance of petitioners' claimed car and truck expense deductions for the years in issue.

2. Home Office Expenses

Although petitioners did not specifically deduct expenses for the business use of their home, many of the claimed Schedule C expenses are considered home office expenses and thus are subject to the requirements of section 280A. For example, petitioners submitted into evidence seven Howard County, Maryland, water and sewer bills pertaining to their residential address in Columbia, Maryland.

Section 280A(a) provides as a general rule that no deduction otherwise allowable to an individual "shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." The

**[\*10]** term "dwelling unit" is defined as "a house, apartment, condominium, mobile home, boat, or similar property, and all structures or other property appurtenant to such dwelling unit." Sec. 280A(f)(1)(A). However, section 280A(c) contains an exception to the general disallowance of subsection (a). In pertinent part, section 280A(c)(1) provides:

> SEC. 280A(c). Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.--
>
> (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--
>
> > (A) as the principal place of business for any trade or business of the taxpayer,
> >
> > (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or
> >
> > (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business.

For an expense related to a dwelling unit to fit within this exception, some portion of the dwelling unit must be used regularly and exclusively for the taxpayer's trade or business. See Scully v. Commissioner, T.C. Memo. 2013-229, at \*21.

[*11] Petitioners contend that, for the years in issue, they used their entire personal residence to operate Allonger.  The only evidence petitioners provided to support this contention was Mr. Chen's unpersuasive testimony.  Furthermore, the Maryland Department of Assessments and Taxation lists Allonger's principal office in Wilmington, Delaware.  We find that petitioners have failed to demonstrate or prove that any portion of their dwelling was regularly and exclusively used for business purposes for the years in issue.  Accordingly, we sustain respondent's disallowance of deductions for the home office expenses for the years in issue.

### 3.  Other Expenses

To substantiate the remaining Schedule C expenses claimed for the years in issue, petitioners offered into evidence a self-created spreadsheet of expenses. The spreadsheet contains category titles, dates, names of vendors/items, and amounts.  The vast majority of these items, from what we can perceive, are for the tax year 2010, and a few are for tax year 2011.  There is no indication of expenditures for tax year 2012.  Petitioners' spreadsheet lists vendors such as Macy's, JCPenney, Toys R Us, Hair Cuttery, The Sandal Factory, Mikes Music of Maryland, and Olenka School of Music.

**[*12]** Petitioners have failed to substantiate that any of the expenses on their spreadsheet were incurred by Allonger in carrying on its trade or business. At trial Mr. Chen acknowledged that many of the expenses claimed by petitioners as business expense deductions were indeed personal in nature and were for the benefit of petitioners' children. Among other things, Mr. Chen acknowledged that: (1) for the years in issue the employee benefits program expenses consisted entirely of sending his children to daycare; (2) for 2010 travel and entertainment expenses were incurred educating his children; and (3) for 2011 a $757 depreciation expense was for depreciating his children's musical instruments. Petitioners did not explain how these expenses are ordinary and necessary in carrying on the business operations of Allonger. These expenses are clearly personal in nature and are expressly disallowed as a deduction by section 262(a). Furthermore, to the extent that these expenses constitute entertainment, amusement, or recreational expenses, petitioners have failed to meet the heightened substantiation requirements of section 274(d).

Petitioners also claimed a deduction for total wages of $9,960 that Allonger paid to A.Y.C. and E.Y.C. during 2012. Mr. Chen testified that his children--who were 11 years old in 2012--were paid for "doing some office cleaning * * * [and] office organiz[ing]". However, aside from the Forms W-2 submitted to the IRS,

[*13] petitioners have produced no documentation to establish that the minor children performed work for Allonger in 2012 or that Allonger actually paid this expense. Therefore, we cannot conclude that petitioners' minor children performed work for Allonger or that Allonger paid wages of $9,960 to petitioners' children in 2012.

Petitioners have not sufficiently substantiated that they incurred any ordinary and necessary business expenses relating to the business operations of Allonger for the years in issue. Accordingly, we sustain respondent's disallowance of petitioners' other expenses claimed on Schedules C for the years in issue.

B. State Income Tax Refund

Generally, if an amount deducted on a prior year's tax return resulted in a reduction of tax and a tax benefit to the taxpayer and is subsequently recovered, that amount must be included in gross income for the year the recovery is received. See sec. 111(a); Kadunc v. Commissioner, T.C. Memo. 1997-92, 1997 Tax Ct. Memo LEXIS 104, at *5-*6. Therefore, gross income includes a refund of State income tax for the year received to the extent that the payment of such tax was claimed as a deduction for a prior taxable year which resulted in a reduction

[*14] of Federal income tax.  See Kadunc v. Commissioner, 1997 Tax Ct. Memo LEXIS 104, at *5-*6.

On Schedule A of their 2011 Federal income tax return petitioners claimed a $6,206 deduction for State and local income taxes paid.  In 2012 petitioners received a State income tax refund of $5,827 from the State of Maryland for income tax paid during 2011.  Petitioners did not report this amount as income on their 2012 Federal income tax return.  Petitioners did not provide any evidence to dispute their receipt of the refund in 2012 or explain their failure to report such amount as income on their 2012 income tax return.  Accordingly, we sustain respondent's determination that the $5,827 State income tax refund is includable in petitioners' gross income for their 2012 tax year.

C.  Accuracy-Related Penalties

In the notice of deficiency respondent determined that petitioners are liable for section 6662(a) accuracy-related penalties of $646, $1,232, and $2,023 for the taxable years 2010, 2011, and 2012, respectively.  Respondent contends that petitioners' underpayments of tax are attributable to either negligence or substantial understatements of income tax.  Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20% on any portion of an underpayment which is attributable to, among other things, negligence or intentional disregard of

**[\*15]** the rules or regulations or any substantial understatement of income tax. For purposes of section 6662, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard for the rules or regulations. Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence also includes any failure to exercise ordinary and reasonable care in the preparation of a tax return or any failure to keep adequate books and records and to properly substantiate items. Sec. 1.6662-3(b)(1), Income Tax Regs. On the other hand, a substantial understatement of income tax exists when the taxpayer's understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

The Commissioner bears the burden of production concerning the imposition of penalties and must provide sufficient evidence indicating that it is appropriate to impose the penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his "burden of production", the "burden of proof" remains with the taxpayer, including the burden of proving that the penalty is improper due to reasonable cause under section 6664. Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

[*16] For the years in issue, we find that petitioners acted negligently by failing to keep adequate books and records and by not exercising reasonable care given the circumstances. Petitioners could not and did not substantiate the deductions that respondent disallowed. That petitioners claimed Schedule C deductions that were personal in nature and not supported by their documentation exhibits that, at the very least, they were careless in complying with their income tax obligations.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. See Higbee v. Commissioner, 116 T.C. at 448. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioners have the burden of proving that the penalty is inappropriate because of reasonable cause under section 6664. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447. Petitioners have failed to argue or prove that the penalties are inappropriate because of reasonable cause. Accordingly, we hold that petitioners are liable for the accuracy-related penalties under section 6662(a) for their underpayments of tax for the years in issue.

**[*17]** Petitioners are liable for accuracy-related penalties under section 6662(a). On brief respondent states that portions of the above amounts are based on the adjustment of refundable credits, and therefore the amounts will need to be recalculated in a Rule 155 computation. See Rand v. Commissioner, 141 T.C. 376 (2013).

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.